CARTWRIGHT *v.* SMITH.

(*Jackson.* May 31, 1900.)

1. REPLEVIN. *Affidavit and writ.*

An affidavit for a writ of replevin is in substantial compliance with the statutory requirement that it shall state "that the defendant has seized or that he detains" the property to be replevied, which states that plaintiff is entitled to the property, that it is in defendant's possession, and that it was not subject to seizure.

Code construed: § 5130 (S.); § 4112 (M. & V.); § 3376 (T. & S.).

2. SAME. *Objection to affidavit and writ.*

Objections of a formal character to the affidavit upon which a Justice's replevin writ issues, must be made in the Justice's Court or the same are waived.

3. SAME. *Maintainable by mortgagee for mortgaged property.*

A mortgagee who has advanced only part of the sum stipulated, may, nevertheless, maintain replevin for the mortgaged property upon the mortgagor's default in repaying the sum advanced, where the mortgagee is justified or excused from advancing the remainder of the stipulated sum by the default of the mortgagor in declining to plant and raise a crop, which was likewise to be covered by the mortgage.

4. EVIDENCE. *Admission of incompetent.*

A party cannot complain of the admission of incompetent evidence which he himself elicits on cross-examination of his adversary's witness.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. J. S. GALLOWAY, J.

20 P—44

Cartwright *v.* Smith.

J. G. Reasonover for Cartwright.

Jas. M. Greer for Smith.

McAlister, J.   This is an action of replevin, commenced before a Justice of the Peace, to obtain possession of three mules and a cow. On appeal to the Circuit Court the defendant's counsel moved to quash the writ upon the ground that the affidavit is insufficient in this, that it failed to state that defendant had seized or detained the property.

It is true the Code, in prescribing what shall be stated in the affidavit, does provide that it shall state "that the defendant has seized or that he detains" the property to be replevied. Code (Shannon), § 5130. But this exception, in analogy to pleas in abatement in attachment cases should have been taken before the Justice of the Peace. The objection is formal rather than substantial. The gist of the action is that the defendant is in possession of the property, and that plaintiff is entitled to the possession.

Judge Caruthers, in treating the sections of the Code regulating actions of replevin, has said, viz.: "Upon a fair construction of the whole of this Act, and by it judging of the intention of the Legislature, we are constrained to decide that it will lie in all cases where the plaintiff has a present right to the possession of any personal property in the possession of the defendant.

In all such cases the property is unlawfully detained from the plaintiff by the defendant, and therefore falls within the plain language and meaning of the Act." The affidavit in the present case recites that plaintiff is entitled to the possession of the property, describing it; that it is now in the possession of the defendant, and that said property was not subject to seizure, etc. These recitals we hold to be a substantial compliance with the requirements of the statute.

The facts of the case are that on December 7, 1897, the said E. J. Cartwright executed a mortgage to the plaintiff, Albert Smith, conveying the property in question to secure an indebtedness of one hundred and seventy dollars, sixty dollars to be in plantation supplies. The mortgage also included all crops raised by said Cartwright on the Mrs. Mollie Thompson place for the year 1898. The defeasance clause of the mortgage was as follows, to wit:

"Now, if the said Cartwright should pay said sums, or shall ship a sufficient amount of the crop, on or before November 15, 1898, to pay said indebtedness, then this trust deed shall be void."

The proof shows that Smith advanced to Cartwright on this mortgage the sum of $100, but did not furnish sixty dollars worth of supplies, or pay the balance of ten dollars due under the mortgage. The plaintiff stated that he did not

furnish Cartwright with the sixty dollars worth of supplies, for the reason that he would not make the crop on Mrs. W. Johnson's place. The supplies were to be furnished along as he needed them. The defendant moved away from the place about February 15, 1898. Now, when the mortgage matured, on November 15, 1898, Cartwright failed to pay any part of the $100 advanced him, and thereupon Smith brought this action of replevin to get possession of the two mules and the cow embraced in the mortgage.

The case has been tried twice. It was first heard by the Circuit Judge without the aid of a jury, and judgment was' pronounced in favor of the plaintiff. On the second trial a jury was demanded, and they returned a verdict for plaintiff. Defendant appealed, and has assigned errors.

An elaborate argument is made in this Court to show that this mortgage was an entire contract, and that plaintiff having advanced only $100, and refusing to furnish the supplies to the amount of $60, and the balance of the ten dollars, he is not entitled to the possession of the mortgaged property. We think a conclusive answer to this assignment of error is that the defendant himself having failed to make the crop, and moved away, cannot be heard to complain that plaintiff refused to furnish him with the supplies amounting to sixty dollars.

It was assigned as error that the Court, over

Cartwright *v.* Smith.

the objection of defendant's counsel, permitted the plaintiff to testify in regard to a rent contract which was a wholly independent matter, and said contract, if admissible, being in writing, it should have been produced.

In answer to this assignment of error it may be stated that this evidence was brought out by defendant's counsel in his cross-examination of plaintiff. Not one word was said about it in the original examination.

Affirmed.