M. W. PATTON, Administrator, etc., v. ALLEN F. BEECH.

Middle Section. April 9, 1926.

No petition for Certiorari was filed.

1. **Appeal and error. Cause will not be reversed because of admission of incompetent evidence if the party objecting first introduced the evidence.**

In an action on a note where the signature was denied and the appellant assigned error because of the admission of testimony where the record showed that appellant first examined the witness in regard to the matter objected to, held if a party opens the door to the admission of incompetent evidence he is not in a plight to complain that his adversary followed through the door of his opening.

2. **Appeal and error. Erroneous admission of testimony will not be considered unless testimony objected to at the trial.**

The rule that questions not raised below will not be considered on an appeal or a writ of error applies to an objection that evidence was erroneously admitted, and such objection cannot be raised for the first time on appeal.

3. **Appeal and error. A party is confined to the specific objections made by him and can have the benefit of no others.**

A motion to strike out testimony must specify the grounds therefor, and where the grounds are specified, all other grounds are thereby waived.

4. **Mortgages.** Independent action on debt does not waive the lien of the mortgage.

    Although there is considerable conflict of authority on the subject, it is a general rule that an independent action on the debt does not waive the lien of the mortgage, and that while the debt may become merged in a judgment, the mortgage may yet stand unaffected as security for it. This rule has been adopted in Tennessee.

5. **Replevin.** Mortgagee is entitled to maintain replevin to secure mortgaged chattels.

    A mortgagee is entitled to maintain a replevin suit to get possession of the mortgaged chattels for the purpose of foreclosure.

6. **Trial.** Where a replevin suit to recover mortgaged property and an action on the debt are tried together, rights of the parties are not affected.

    Where by consent of the parties a replevin suit to recover mortgaged property and an action on the debt are tried together, held the rights of the parties were the same as if the cases had been heard separately and at different times and the judgment to which the plaintiff was entitled in either case was not affected.

Appeal in Error from Circuit Court, Williamson County; Hon. J. C. Hobbs, Judge.

Affirmed.

E. W. Eggleston, of Franklin, for plaintiff in error.

Wirt Courtney, of Franklin, for defendant in error.

FAW, P. J. According to the usual practice, this case should be styled, in this court, Allen F. Beech v. M. W. Patton, Administrator, etc., as Allen F. Beech is the plaintiff in error, but, in order to avoid possible confusion, we have, in the caption of this opinion, adhered to the style in which the case has been entered and carried on the dockets of this court.

The transcript docketed under the above style contains the respective records of two separate cases, tried together in the circuit court and brought by appeal in error to this court.

Each of the two suits was originally brought before a Justice of the Peace of Williamson county by M. W. Patton, as administrator of the estate of G. M. Patton, deceased, against Allen F. Beech.

The purpose of one of the two suits was to procure a judgment on a note for $630, dated November 20, 1918, executed by Allen F. Beech, payable to G. M. Patton, due six months after its date, and bearing interest at six per cent per annum, payable semi-annually, after maturity, with a provision for the payment of a reasonable attorney's fee in the event of suit brought for collection of the note.

The other of the two suits was an action of replevin brought to recover possession of certain chattels mortgaged to G. M. Patton by Allen F. Beech to secure the payment of the note before described.

The Justice of the Peace gave judgment for the plaintiff in each of the cases and defendant appealed from his judgment in each case to the circuit court of Williamson county, where, as before stated, the cases were tried together. A separate judgment on the verdict of the jury was entered in each case as if the two cases had been tried separately, but it appears from recitals in the motion for a new trial, and from the bill of exceptions, that the cases were tried together, presumably by consent, as the record discloses no suggestion of objection by either party to the joint trial. It was altogether proper that they should be tried together, as the sole defense was that Beech had paid the note in suit. It is apparent that the result of the trial of each case depended upon the determination of the same issue of fact.

The cases were tried to a jury in the circuit court, and the jury returned a verdict for the plaintiff in each case. Judgment of the court was accordingly entered on the verdict in each case, and thereupon the defendant moved for a new trial, but his motion was overruled, and he prayed, obtained and perfected an appeal (in error) to this court, and has assigned errors here. For convenience, we shall continue to designate the parties as plaintiff and defendant, as they appeared on the record in the circuit court.

The defendant's first assignment of error is that "the trial court erred in failing and refusing to instruct the jury not to consider the testimony of the witness M. G. Corlett, relative to the signature of G. M. Patton, after defendant's motion to exclude said testimony had been sustained as to said witness, and in permitting the jury to consider same, which was highly prejudicial to defendant."

On the trial below, defendant Beech testified that he had paid the note sued on, and he introduced in evidence a written instrument purporting to be a receipt signed by G. M. Patton, plaintiffs intestate and the payee named in the note, and which, defendant testified, was a receipt for the particular note in suit. The plaintiff denied that the purported receipt thus introduced by defendant was signed by his intestate, or by anyone thereunto lawfully authorized by his intestate.

Plaintiff was a brother of his intestate, and testified that he was familiar with his signature and handwriting, and that neither the body nor the signature of the said receipt introduced by defendant was in the handwriting of G. M. Patton, his intestate, but that certain checks introduced in evidence bore the genuine signature of G. M. Patton. Plaintiff also introduced as witnesses F. J. Hyde, Newt Cannon, Jr., and J. F. Eggleston, all bankers, who gave, in substance, the same testimony as the plaintiff with respect to the signatures to the receipt and checks above mentioned.

Plaintiff then introduced as a witness M. G. Corlett, who had been tax assessor of Williamson county for about fifteen years, and whose testimony in chief, when taken in connection with other evidence in the record, tended to prove that G. M. Patton had listed the note sued on for taxation at a later date than the purported receipt in evidence.

Mr. Corlett was not asked, and did not offer to testify, on his examination in chief, concerning the handwriting of G. M. Patton, or the signatures to the receipt and the checks. He stated, however that a certain tax schedule which he identified, had the name of G. M. Patton "signed to it at the place where it should be," and the first question in the cross-examination of M. G. Corlett, which we quote below, has reference to the signature to said tax schedule.

We quote the cross-examination and redirect examination of M. G. Corlett in full as follows:

## "CROSS-EXAMINATION.

By Mr. Smith:

"Q. You say that is the genuine signature of Mr. Patton? A. I think it is. No one has the right to see that but him. My impression is he gave me that schedule. If he made the return in June, he came before the Board and made his report himself, and these are my figures. He returned his personal property.

"Q. There are no notes listed on this? A. No. sir.

"Q. All this shows is household and kitchen furniture, cattle and one mare, with the total added up at the bottom, $4740. A. Yes sir.

"Q. And when he took off the $1000 exemption, it left $3740. A. Yes sir. I think he brought that paper to the board and made the report himself. I am not sure about that.

"Q. Will you file this as an exhibit to your testimony? A. Yes, I so file.

"Q. Are you familiar with Mr. Patton's signature? A. I wouldn't say that I am.

"Q. There is a variation between these signatures here, isn't there? A. Yes sir, some.

"Q. There is a variation between those two there? A. . Yes sir, some.

"Q. And between these two here? A. Yes sir.

Mr. Courtney: "The witness said that he didn't think he was familiar with Mr. Patton's handwriting, and I don't think this is competent.

Mr. Smith: "We haven't had an expert on the stand yet.

Mr. Courtney: "But they all stated that they knew his handwriting."

Plaintiff excepts to the foregoing testimony.

Mr. Smith: "There is also a slight difference between these two here? A. Yes sir.

"Q. In other words, there is a slight difference between the signatures on the tax return and on these four checks? A. Yes sir, there is a slight difference."

## RE-DIRECT EXAMINATION.

By Mr. Courtney:

"Q. Would you say that all of those signatures are the genuine signatures of G. M. Patton, in spite of the variation? A. Yes sir; I would think so.

"Q. While there is a slight variation, the general characteristics are the same throughout? A. Yes sir.

"Q. And you can tell they were written by the same man? A. Yes sir.

By Mr. Smith: "'We move to exclude all of the testimony given by Mr. Corlett because in the tax return the note of Mr. Beech is not listed. And we move to have it all struck out.

Mr. Courtney: "We insist it is competent. It is true that all of his notes are not listed; however, the amount on the tax return corresponds with the amount to this list.

Court: "Can you tell what the paper he made out is for?

Mr. Courtney: "Yes sir. It states collateral mortgages for June, 1919. And the tax assessor states that he thinks he had this paper with him.

Court: "I overrule the exception."

Defendant excepts to ruling of court.

(Further saith not.)

At the close of plaintiff's evidence in rebuttal, defendant, through his attorney, presented the motion mentioned in the first assignment of error, supra, which motion and the colloquy between the court and counsel which followed same and the ruling of the court thereon are as follows:

By Mr. Smith:

"I have a motion I want to get into the record before I put on my other witness. At the conclusion of plaintiff's proof in rebuttal, the defendant moved the court to exclude from the jury all of the testimony given by the witness Hyde, Cannon and Eggleston, and the plaintiff, M. W. Patton, upon the question of whether the receipt in question was signed by plaintiff's intestate as his genuine signature, which was based on a comparison of the receipt in

question with the other alleged writings of G. M. Patton on file in the case. None of said witnesses qualified as handwriting experts and it was incompetent to permit the witnesses to give their opinions as to whether the signature on the receipt was the genuine signature of G. M. Patton by a comparison of it with other instruments purporting to be the genuine signatures of G. M. Patton.

Court: "I think that is well taken as to those who were not familiar with his handwriting but not to those who knew it.

Mr. Courtney: "There was only one witness who stated that he wasn't familiar with Mr. Patton's signature, and that was Mr. Corlett. Every other one stated that he was familiar with it, and that the signature on the receipt was not his.

Mr. Smith: "The record will show what the witnesses testified. I don't care to argue the motion.

Court: "The exception is sustained as to what Mr. Corlett said, and as to what any of the others stated, who said they were not familiar with his handwriting."

Plaintiff excepts.

It will be observed that defendant's first assignment of error, which we have heretofore copied in full, is based upon these hypotheses, viz: (1) that defendant moved the court to exclude "the testimony of the witness M. G. Corlett relative to the signature of G. M. Patton;" (2) that said motion was sustained by the court; (3) that the court failed and refused to instruct the jury not to consider such testimony of the witness M. G. Corlett, and (4) permitted the jury to consider same.

We have heretofore quoted that part of the record touching the questions presented by the first assignment of error. It appears therefrom that the first effort to elicit testimony from the witness Corlett with respect to the signature of G. M. Patton to the disputed receipt was made by defendant's attorney on cross-examination, and in the face of a statement made at the time by plaintiff's attorney that he did not think the testimony was competent for the reason that the witness had stated that he was not familiar with G. M. Patton's handwriting. But defendant's attorney made no offer to withdraw from the jury the testimony thus elicited from Mr. Corlett, and plaintiff's attorney briefly re-examined the witness on the point thus introduced into his testimony by the questions of defendant's attorney.

The motion on behalf of defendant to exclude the testimony "upon the question of whether the receipt in question was signed by plaintiff's intestate as his genuine signature" did not include the witness Corlett, but was limited to the witnesses Hyde, Cannon, Eggleston and W. M. Patton.

PATTON v. BEECH. 443

However, after a brief colloquy between the court and counsel, in the course of which plaintiff's attorney said, among other things, that "there was only one witness who stated that he wasn't familiar with Mr. Patton's signature," the court announced his ruling as follows: "The exception is sustained as to what Mr. Corlett said, and as to what any of the others stated, who said they were not familiar with his handwriting."

It thus appears that, through his first assignment of error, supra, the defendant is complaining that the trial court failed and refused to instruct the jury not to consider certain testimony which was introduced upon the invitation of the defendant by the act of his attorney in first examining the witness on the subject. "If a party opens the door to the admission of incompetent evidence, he is in no plight to complain that his adversary followed through the door thus opened." 2 Elliotts General Practice, sec. 592; Thomas v. State, 121 Tenn., 83, 85, 113 S. W., 1041.

It further appears that defendant is complaining that the tria¹ court failed and refused to instruct the jury not to consider certain testimony of the witness Corlett, when the record does not show that defendant asked the court to exclude such testimony of Mr. Corlett or to instruct the jury not to consider same. "The rule that questions not raised below will not be considered on an appeal or a writ of error applies to an objection that evidence was erroneously admitted, and such objection cannot be raised for the first time on appeal." 2 R. C. L., p. 77.

There was a motion by defendant to strike out Mr. Corlett's testimony, but this motion manifestly had no relation to the phase of his testimony mentioned in the first assignment of error, as it was specifically stated that the motion was made "because in the tax return the note of Mr. Beech is not listed."

"A party is confined to the specific objections made by him and can have the benefit of no others." 26 R. C. L., pp. 1048-1049. "A motion to strike out testimony must specify the grounds therefor, and where the grounds are specified, all other grounds are thereby waived." 26 R. C. L., p. 1056.

For the reasons stated, defendant's first assignment of error is overruled.

The second and third assignments of error may be considered together. The second assignment is that "the trial court erred in rendering judgment against the defendant for $835.35 and costs, and not providing that said judgment might be satisfied by a return of the property replevined, or credited with a return of the property replevined."

The third assignment is that "the trial court erred in rendering judgment against the defendant for the specific articles described

in the replevin writ, and not providing that said judgment for said specific articles might be satisfied by a payment of the judgment rendered by the court for $835.35 and costs.''

Plaintiff's election to sue on the note was not a waiver of his right to foreclose the chattel mortgage. 15 R. C. L., p. 789, par. 243.

''Although there is considerable conflict of authority on the subject, it is a general rule that an independent action on the debt does not waive the lien of the mortgage, and that while the debt may become merged in a judgment, the mortgage may yet stand unaffected as security for it.'' 5 R. C. L., p. 459, par. 95.

Tennessee has adopted the ''general rule'' just stated. Johnson v. Martin Furniture Company, 139 Tenn., 580, 584, 19 S. W., 243, and cases there cited.

Plaintiff was entitled to maintain a replevin suit to get possession of the mortgaged chattels for the purpose of foreclosure. Cartwright v. Smith, 104 Tenn., 689, 58 S. W., 331.

The suit on the note and the replevin suit were separate and independent actions. They had no relation to each other, except that (1) a satisfaction of the judgment on the note before a foreclosure of the mortgage would discharge the lien of the mortgage and entitled the mortgagor (the defendant) to the possession of the mortgaged chattels, and (2) upon a foreclosure sale of the mortgaged property, the defendant was entitled to have the judgment on the note credited pro tanto with the proceeds of such sale.

The fact that the cases were tried together did not affect the judgment to which the plaintiff was entitled in either case. The rights of the parties were the same as if the cases had been heard separately and at different times. Mowry v. Davenport, 6 Lea, 91.

The case of Fugate v. Stapleton, 6 Baxt., 321 (cited for defendant in support of his second assignment of error), wherein it was held (as stated in the headnote) that ''a judgment in replevin is defective unless it allows a return of the property,'' was obviously dealing with a judgment for defendant in a replevin suit.

In replevin, the plaintiff obtains possession of the property at the institution of the suit (Shannon's Code, sections 4440, 5133, 5151), and if the judgment is for the defendant he is entitled to a judgment against the plaintiff for the value of the property replevined, with interest, and damages for the detention of the property, but such judgment to be satisfied by a return of the property. Shannon's Code, section 5152.

The fact that the suit on the note and the replevin suit were separate actions (merely tried together for convenience), and the further fact that the judgment in each of the cases was in favor of the plaintiff, afford a complete answer to the second and third assignments of error, and said assignments are overruled.

It results that the judgment in each of the cases under consideration is affirmed, and judgments will be entered accordingly. The costs of the appeal will be adjudged against the defendant Allen F. Beech.

Crownover and DeWitt, JJ., concur.