## R. A. BRALY, et al. v. J. H. RAGSDALE, et al.

Middle Section. July 24, 1926.

No petition for Certiorari was filed.

1. **Continuance. The affidavits must be both special and strong when the time for taking proof has expired.**
When the time for taking proof has expired the party desiring continuance must show some special or good reason why the continuance should be granted and his affidavit should contain the names and residences of the witnesses whose depositions he desires, the facts expected to be proved by each, the fact that the witnesses are within the jurisdiction of the court, or that their depositions can be taken in a reasonable time and that the evidence could not have been supplied by any other proof.

2. **Dismissal and non-suit. Voluntary dismissal of suit waives any error court may have committed.**
A complainant by voluntarily dismissing his suit without prejudice waives any error which the court may have committed.

3. **Appeal and error. No appeal lies from a voluntary nonsuit.**
Complainant has no right of appeal from a decree of nonsuit entered on his own motion, and such a decree is not reviewable on appeal or writ of error at complainants instance.

4. **Novation. Evidence held not to show novation.**
In an action to recover on notes given by one Braly to one Ragsdale for the purchase of a farm, where the evidence showed that Braly had later sold the farm and taken notes from the new purchaser Copeland, which were made payable to Braly but delivered to Ragsdale as collateral security, and there was evidence that upon the execution and delivery of new notes secured by a second mortgage by Copeland directly to Ragsdale, Ragsdale was to hold all the original notes until paid the balance due, held that there was not evidence sufficient to establish a novation.

5. **Novation. Novation is never presumed and must be clearly established by evidence.**
Novation is never presumed and must be clearly established by evidence of the discharge of the original debt by express agreement or by the acts of the parties clearly showing the intention to work a novation.

Appeal from Chancery Court, of Giles County; Hon. T. B. Lytle, Chancellor.

Decree affirmed.

R. E. Dotson, of Pulaski, for appellants, Braly.

Eslick & Eslick, J. M. Abernathy and R. E. Lee, of Pulaski, and Bass, Berry & Sims, of Nashville, for appellees, American Trust Co. et al.

CROWNOVER, J. This was a suit to recover an alleged difference in consideration on a sale of a tract of land in Giles County.

The complainants, R. A. Braly and wife, purchased said land from defendant, J. H. Ragsdale, for the consideration of $8820, and executed eight notes bearing interest with vendor's lien retained.

A part of the first note was paid, but complainants were not able to meet the other payments, and negotiated, through the Ragsdale Realty Company, of which firm defendant, Ragsdale, was a member, a sale of said land to Dr. W. F. Copeland for $10,136, evidenced by four notes of $2,534 each with lien retained on the land, which notes were made payable to complainants, but were delivered to defendant, Ragsdale, as collateral security. Copeland, not being able to pay the first note, desired to negotiate a loan of $4000 from the defendant, American Trust Company, but in order to do so, it became necessary to execute a first mortgage on said land for said loan to said trust company; so Ragsdale joined in the deed of trust, releasing his claims, and he also released the liens of all of said notes. Ragsdale received the proceeds of said $4000 loan less commissions, and then took a second mortgage on said land from Copeland to secure the balance of his · original indebtedness of $5224.69, evidenced by three notes bearing interest, and also to secure the balance of $1517.69 due complainants, but provided that his balance of $5224.69 should be a prior lien.

By agreement, Ragsdale paid out of the proceeds of said trust company loan two small notes that complainant owed to a bank and to A. J. Holt's estate, on which he was surety and kept the balance which he applied to his indebtedness against complainants and Copeland, leaving the balance of $5224.69.

After the loan from the trust company was made and the deed of trust was executed and delivered, some differences arose as to the application of a part of the proceeds of said loan, and complainants have filed a bill in which they allege that the Copeland notes were left with defendant Ragsdale pending a settlement and not as collateral security, that Ragsdale released the lien of said notes without their knowledge and consent, and without authority of which said trust company had knowledge. Complainants insisted that as defendant Ragsdale had released the lien of their notes without their consent they were entitled to a personal decree for $2296 against him and to have the same declared a lien on said land as against Ragsdale and the trust company and also have an accounting for their part of the proceeds of said trust company loan of $4000.

The defendants, American Trust Company and its trustee, Witherspoon, answered denying any knowledge of the release of the lien without authority, and pleaded that the trust company was a bona-fide holder in due course for value without notice. They further alleged that the note and lien of the deed of trust had been transferred to the Metropolitan Life Insurance Company before the filing of the bill in this cause, and which company was made a party to this suit and also pleaded that it was a holder in a due course of trade for value without notice.

Defendant, Ragsdale, filed his answer as a cross-bill seeking a recovery for balance due against all of said parties and also made Dr. W. F. Copeland a defendant. Ragsdale admitted the execution of the conveyances and notes, and the deed of trust to said trust company, and also admitted the release of the liens of all of said notes, which he alleged was with the knowledge and consent of complainants, Braly and wife.

An order was made on complainants, Braly and wife, to take their proof in chief within thirty days after the order was entered. This order was ignored, and another order was later made on complainants to take their proof within sixty days, but this order was not complied with, and complainants finally took their proof more than thirty days after the time had expired.

The defendants complied with the order made on them and took their proof on the cross-bill within the time allowed. By agreement the clerk and master was appointed special commissioner to sell said tract of land and to hold the proceeds subject to the orders of the court. He advertised the land and sold it to the highest bidder. The bid was raised several times and finally it was sold to the American Trust Company for the sum of $3790. The title was divested out of all parties and vested in the American Trust Company.

The chancellor decreed that it appeared that the American Trust Company was the owner of the $4000 mortgage, which together with interest, taxes and attorney's fee amounted to $4949.05 and that the land only brought $3790, it was therefore, ordered that the cash payment made be refunded to said Trust Company and the purchase money notes be canceled, as said Trust Company was in no way liable for the costs and expenses of this litigation. This order is not excepted to.

Cross-defendant, W. F. Copeland, made no defense and pro confesso was taken against him.

Complainants' proof was stricken from the files because not taken within the time required by the order, and complainants' original bill was dismissed without prejudice upon their own motion.

The complainants moved the court to be allowed to use their proof on file in support of the answer to the cross-bill, which was granted by the court.

The complainants then moved the court for more time to take more proof and to be allowed to cross-examine R. E. Lee, and to take proof in rebuttal, which order was overruled by the court.

The chancellor granted J. H. Ragsdale a decree on his cross-bill in the sum of $6873.60 (the amount of the three notes, interest and attorney's fees) against R. A. Braly and wife, Mrs. Lucy Braly, and W. F. Copeland, which was decreed to be a first lien on said land, subject to the $4000 deed of trust to the American Trust Company.

The complainants, Braly and wife, excepted to said decree and appealed to this court and have assigned errors.

The first assignment is that the court erred in refusing to grant complainants a continuance of the cause for the purpose of taking proof.

The complainants and their solicitor filed affidavits in which they stated that they were unable to have their proof taken because the clerk and master was busy and they had no money with which to employ a stenographer, and for this reason they were delayed in taking their proof until after the time had expired. They do not show in their affidavits that they have any other witnesses who know any material facts. They did not state in their affidavits the names of any witnesses or what they witnesses would prove, and we think that their reason for the delay in taking proof is no excuse at all. Under the law they could have given notice and reduced their testimony to writing. We think it is evident from this record that these complainants could write, and their attorney could have written the questions and they could have written their answers thereto without the aid of a stenographer.

The affidavits for a continuance must be both special and strong when the time for taking proof has expired, and, among other things, the affidavits should contain the names and residence of the witnesses, whose depositions are desired to be taken and read, and detailed statements of the particular material facts expected to be proved by each of the witnesses. The affidavits should also state that the witnesses are within the jurisdiction of the court and subject to process, or if they live out of the State, that their depositions may be taken within a reasonable time, and also show that such evidence could not have been supplied by any other known proof. See, Gibson's Suits in Chancery (2 Ed.), Sec. 519. Hence, we do not think that the complainants have shown any sort of diligence in preparing the case, and the chancellor was correct in striking their

proof from the file and in refusing to grant a continuance on the application as made. This assignment is overruled.

The second assignment is that the court erred in dismissing the original bill and in taxing complainants with the cost.

We do not think that this assignment is well made. A complainant by voluntarily dismissing his suit without prejudice waives any errors which the court may have committed. (See 18 C. J., 1172.) Complainant has no right of appeal from a decree of non-suit entered on his own motion, and such a decree is not reviewable on appeal or writ of error at complainants instance. (See 9 Rul. Case Law, 216, Sec. 40). A party cannot complain of and ask a reversal for error which he himself invites. See Cartwright v. Smith, 104 Tenn., 689.

"What a party agrees to in the course of litigation is so binding upon him that he cannot appeal from it, or if an appeal should be granted, the Supreme Court will not hear him, even if his agreement is contrary to what the court would have decided on a contest. What a party consents to in court he cannot complain of. For this reason an erroneous order or decree, when consented to, will bind the parties consenting both in the court where the consent was made, and in the Supreme Court. Indeed the Supreme Court will not look behind a consent to see whether it was reasonable or not, if it violate no law or public policy." See Gibson's Suits in Chancery (2 Ed.), Sec. 72.

It results that this assignment of error must be overruled.

The third assignment is that the court erred in decreeing that complainants, Braly, delivered the Copeland-Braly notes to Ragsdale in lieu of the Braly notes, with the understanding that Ragsdale had a first lien on the proceeds and;

The fourth assignment is that the court erred in decreeing that the proceeds of the $4000 loan was applied according to the agreement of Braly and Ragsdale.

We will treat these assignments together. It will be observed that the complainants, Braly, assigned no error to the action of the chancellor in rendering a decree against them for $6873.60 and costs in favor of Ragsdale, neither do they assign as error the action of the chancellor in holding that Ragsdale had a right to release the liens of all these notes; hence, these two assignments raise immaterial moot questions, and are not at all determinative of the lawsuit. However, after reading the record, we agree with the chancellor on both propositions.

The chancellor simply decreed that Ragsdale held the Copeland-Braly notes as collateral security to the original Braly notes, and we think that he is borne out by the record. Ragsdale had never

been paid, hence, we think that the application of the proceeds of the $4000 loan was proper as Ragsdale had not released complainants of personal liability on their notes. See Haynes v. Delius, 59 S. W., 158.

However, the question might have been raised that as Ragsdale had accepted the three notes of $5224.69 of Dr. Copeland, together with the second mortgage on the land, that this operated as a novation and released complainants of personal liability on their original notes to Ragsdale. But, we do not think that complainants can successfully avail themselves of this proposition for two reasons, (1) because this question was not raised either in the pleading or by assignment of error, and (2) Ragsdale testified that under the agreement with complainants he was to hold all these notes and papers until he was paid and that he did not release complainants from personal liability on their notes.

Complainants do not contend that there was any substitution. Novation is never presumed and must be clearly established by evidence of the discharge of the original debt by express agreement or by the acts of the parties clearly showing the intention to work a novation. See 29 Cyc., 1130 to 1139; 9 Michie's Tenn. Ency. Dig., 489-492.

It results that all the assignments of error must be overruled and the decree of the chancellor affirmed. A decree will be entered here in favor of J. H. Ragsdale against R. A. Braly and wife, Mrs. Lucy Braly, and Dr. W. F. Copeland for $5224.69 and interest thereon from August 16, 1921, together with $624.87 attorney's fees, for which execution may issue.

The cost of the cause, including the cost of the appeal, is decreed against appellants, R. A. Braly and wife, Mrs. Lucy Braly, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.