# PAUL R. PHELPS, d/b/a PHELPS CHEVROLET COMPANY v. MANUFACTURERS ACCEPTANCE CORPORATION. No. 7. —385 S.W.(2d) 633.

Eastern Section. May 14, 1964.

Certiorari Denied by Supreme Court December 11, 1964.

Dannel, Fowler & Sproul, Lenoir City, for plaintiff in error.

William P. Newkirk, Knoxville, for defendant in error.

PARROTT, J. This is a replevin action by Manufacturers Acceptance Corporation, hereinafter referred to as M.A.C., against Paul R. Phelps, d/b/a Phelps Chevrolet Company. The suit was instituted in the General Sessions Court of Loudon County which found in favor of Phelps. M.A.C. appealed to the circuit court and the circuit judge, without the intervention of a jury, entered a judgment in favor of M.A.C. Phelps has now appealed to this court.

Cal Arden and his son Donnie purchased an automobile from the Beaty Chevrolet Company of Knoxville. M.A.C. purchased the note and conditional sales contract from Beaty. The Ardens defaulted in the payment of the note and M.A.C. sent an adjuster to repossess the car.

Robert Burkhart, M.A.C.'s adjuster, testified that he went to the Arden home and Cal Arden informed him he

could not pay for the car which was in the Phelps garage for repairs, having been taken to the garage by Donnie Arden. Mr. Arden went with Burkhart to the Phelps garage and while there Arden removed the title papers from the glove compartment of the car and gave them to Mr. Burkhart. He also took a jack which he stated he had borrowed from a neighbor and removed the license tag from the car. Adjuster Burkhart was denied possession of the car by Phelps' employees. Burkhart procured a replevin warrant and took possession of the car. The sessions court ruled in favor of Phelps and M.A.C. appealed to the circuit court.

The circuit judge, upon hearing the testimony, ruled that Cal Arden was the purchaser and owner of the car and that Cal Arden voluntarily surrendered the car to Mr. Burkhart, an employee of M.A.C. He further found that Donnie Arden was a mere accommodation endorser. There were only three witnesses who testified at the trial in the circuit court. Robert Burkhart, an adjuster for M.A.C., and Alvin Raulston, Manager of M.A.C.'s Knoxville office, testified for the plaintiff. Lester R. Simpson, Service Manager for Phelps Chevrolet Company, was the only witness for the defendant. After reading this record, we concur in the findings of fact of the circuit judge. The title certificate, bill of sale, car warranty and title card were all issued to Cal Arden. The only papers in this transaction signed by Donnie Arden were the note and the conditional sales contract.

█ The evidence overwhelmingly supports the trial court's finding that Cal Arden was the purchaser and owner of this car and also that he voluntarily surrendered the car to M.A.C. In a non-jury case there is a presumption the trial court's judgment is correct unless the

preponderance of evidence is otherwise. T.C.A. sec. 27-303.

Plaintiff-in-error contends that Cal Arden and Donnie Arden should have been parties to this suit. We cannot agree with this contention. A replevin action is an action for possession. The mere right of possession, for whatever purpose, is sufficient to maintain the action, it makes no difference whether the right to possession is absolute or for purposes of security. Brammell v. Hart (1873) 59 Tenn. 366. It has long been held in Tennessee that a mortgagee may bring a suit of replevin. Cartwright v. Smith, 104 Tenn. 689, 58 S.W. 331. The case of Patton v. Beech, 2 Tenn.App. 437, held that a mortgagee is entitled to maintain a replevin suit to get possession of mortgaged chattels for the purpose of foreclosure.

The subject of proper parties in a replevin suit is discussed in 77 C.J.S. Replevin sec. 90 as follows:

"It is essential that defendant have actual or constructive possession of the property, * * *. Plaintiff is not required to join as defendants persons claiming an interest in the property but not in possession thereof, although he may do so, or a stranger in whom property is pleaded or shown, or one claiming no interest in the property or any right to possession; nor is he entitled to an order making persons so interested but whose presence is not necessary to the determination of the controversy between him and defendant in possession parties against their will, although they may properly be admitted as defendants * * *."

We must overrule the first four assignments of error which deal with the question of essential parties to a replevin action and hold the Ardens were not necessary parties.

■ The fifth assignment of error complains that the trial court erred in permitting the introduction of the oral testimony as to the ownership of the car. Counsel does not point out in his brief the testimony complained of but we presume the testimony complained of is that of Alvin Raulston, Manager of the Knoxville office of M.A.C., when the court permitted him to state the circumstances under which Donnie Arden signed the conditional sales contract and note and his answer was as follows:

"Mr. Cal Arden was a tenant farmer and did not have too much of an income. Mr. Arden stated that on occasions his son would drive this automobile, and his son having a regular job, we asked him to sign as added security on this note."

This testimony only explains the reasons why M.A.C. required the signature of Donnie Arden on the conditional sales contract and note. It in no way tends to alter or vary the terms of the written agreement. Mr. Raulston was the Knoxville Manager of M.A.C. and he was certainly entitled to give the reasons why they required the additional signature on the note and contract.

■ The trial judge stated in his opinion, which was rendered from the bench, that the real question in this lawsuit appeared to be one concerning the priorities of liens. He further concluded the question was controlled by the case of City Finance Company v. Perry, 195 Tenn. 81, 257 S.W.(2d) 1, 36 A.L.R.(2d) 224, where our supreme court held that a recorded lien of a conditional vendor of an automobile was superior to a common law lien of a garageman for repairs. We think the trial court was correct in his conclusion and that the law applied to the issue was proper.

All assignments of error are overruled and the judgment of the circuit court affirmed with the costs taxed to the plaintiff-in-error.

McAmis, P. J., and Cooper, J., concur.