IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

NASHVILLE, DECEMBER TERM, 1898.

FLETCHER *v.* RAILROAD.

(*Nashville.*  January 14, 1899.)

1. CHARGE OF COURT. *Request for special instructions limited to the pleadings.*

Requests for special instruction must be limited to the case made by the pleadings. Hence, in a servant's action against his master to recover for personal injuries inflicted by a fellow-servant, the Court's refusal of plaintiff's request to charge upon the subject of sudden emergency is not error, in the absence of any averment of that fact in the declaration. (*Post, pp. 4, 5.*)

Cases cited and approved: Coal Co. *v.* Daniels, 100 Tenn., 66, 79; Oil Co. *v.* Shamblin, 101 Tenn., 263.

18 P—1

Fletcher *v.* Railroad.

2. SAME. *Putting hypothetical case.*

It is not an invasion of the province of the jury for the Court to instruct the jury hypothetically upon a theory or aspect of the case presented by the evidence, leaving the jury free to determine whether the evidence supports the hypothesis. (*Post, pp. 5, 6.*)

3. SAME. *Contributory negligence that defeats recovery for injury by fellow-servant.*

In a servant's action against his master for personal injury inflicted by a fellow-servant, it is not error for the Court to charge that the plaintiff cannot recover, even if the fellow-servant was incompetent, if that fact was as well known to the plaintiff as to the defendant, and the plaintiff sought or accepted service with knowledge of that fact, without protest or objection. (*Post, p. 7.*)

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

STEGER, WASHINGTON & JACKSON for Fletcher.

SMITH & MADDIN for Railroad.

WILKES, J. This is an action for damages for personal injuries. There was a trial before a jury in the Court below, and a verdict and judgment for the defendant, and plaintiff has appealed and assigned errors.

The plaintiff was a machine helper in the defendant's employ, and was injured while removing the head from a cylinder on the left side of engine No.

249 in the roundhouse of the defendant company. Plaintiff was ordered to do this work by Brewington, the night foreman. Evidence is introduced to show that he was told to do it in a hurry, as the engine might be ordered out at any moment. On the other hand, defendant insists that he was only told to do the work, but was not directed to be in any haste about it. There is some evidence tending to show that such work required two men to do it, but the weight is that it could be, and was often, done by one man. Plaintiff asked the question, when told to do the work, who was to help him, and the foreman replied, "Ollie Rollins," and this question and answer appears to have been repeated. Plaintiff made no protest or objection. It appears that Rollins was a young man about nineteen years old, employed as a call boy, whose duty it was to go after employes and notify them when their services were desired at the roundhouse. In removing the cylinder head a number of screws had to be loosened and the head let down on the ground, either by permitting it to fall a distance of about two feet or by lowering it with a plank. It is insisted that Rollins, in manipulating this plank, twisted it to one side and caused the head, which is a heavy piece of iron or steel, to fall on plaintiff's foot and crush it.

The plaintiff's theory is that he was ordered to do this work by his superior; that an inexperienced and incompetent helper was furnished

him, and that there was an emergency which required the work to be hastily done, and that in consequence of Rollins' negligence he was hurt.

The assignments are wholly to the charge of the Court. It is said the Court stated defendant's theory of the case, but failed and declined to state that of plaintiff. This, we think, is only partially correct. The Court stated plaintiff's theory, and, so far as he went, stated it correctly, but declined to charge that part of the case made by plaintiff which set up the sudden emergency feature because it was not alleged in the declaration. The declaration does not make any statement as to there being a sudden emergency which necessitated hasty work, though there is some evidence bearing on this question. As we understand plaintiff's position on this feature, it is that it was only necessary for him to allege negligence; that if the defendant insisted that the assistant's incompetency was known to the plaintiff, that would be matter of defense to which plaintiff might reply that the work was done under an emergency which did not give him the opportunity and right to object to the assistant, and it was not necessary, in the first instance, to allege there was an emergency. We think, in the first place, that the incompetency of Rollins is not shown in this case. The work he was required to do was not that of an expert, but was simple. The taking off of the head was not a work of difficulty, and could be, and often was, done by a single person, and the

evidence is that it was done by Rollins alone soon
thereafter. It may be that he was somewhat inex-
perienced, but inexperience alone does not make a
man incompetent. If this were so, the class of ex-
perienced men being once exhausted, there could
never be another, as any new man would be incom-
petent, and could not be experienced till after a
service of incompetency. But, in addition, we are
also of opinion the Court was correct in not charg-
ing upon this feature of sudden emergency, inasmuch
as no such feature was presented in the plaintiff's
declaration, nor does the case, in our opinion, show
any emergency. We think the case most nearly in
point in this matter is *E. Tenn. Coal Co.* v. *Dan-
iels*, 16 Pickle, 66, 79, the gist of which is that
the ground of recovery must be specifically set out
in the declaration, and its absence cannot be cured
by proof alone. See, also, *Chatt. Cotton Oil Co.*
v. *Shamblin*, 101 Tenn., 263. Assignment No. 3
is to the effect that the Court erred in refusing to
charge request No. 1. This request is, no doubt,
good law abstractly, and was, in substance, charged
by the Court.

It is next said it was error not to charge that
the mere fact that plaintiff remained in the service
of defendant and did the work with knowledge of
the incompetency of this fellow-servant will not
necessarily and as a matter of law exonerate the
defendant from liability. The Court deemed this
sufficiently charged. It was important to the plaintiff

Fletcher *v.* Railroad.

only as carrying out the idea of being required to act in a sudden emergency as an excuse why he should not be held responsible for his knowledge of Rollins' incompetency, and this view of the case was not, as the Court held, raised by the pleadings.

It is said the Court erred in selecting various isolated pieces of evidence and making the case turn upon them and in this manner invading the province of the jury.

The first specific objection under this head is in substance that if Rollins placed the plank by plaintiff's direction in an unsafe manner which directly caused or contributed to the accident, there then could be no recovery. This did not assume the facts to be as stated, but put a hypothetical case to the jury, and was warranted by the evidence. Again, it is objected that the Court said to the jury that if plaintiff was warned by the foreman to move his foot or it might be crushed, and that he disregarded the warning and could have escaped by heeding it, he could not recover. We think there is no error in this. There is evidence that such warning was given. It is not claimed it was acted upon. It is said that he might not have been able to move his foot or might not have understood the order, but these criticisms are not supported by the record.

The assignments in regard to the stud not being in place and the use of the monkey wrench are not well taken. We do not understand the charge to

be that these matters were to be considered alone, but in connection with the other facts in the case, and the liability is made to depend on the whole record, and these features are referred to as important in the case, and, if true, as determining the right of the plaintiff to recover in connection with the other facts in the record.

It is said it was error to charge that if plaintiff's knowledge of the competency or incompetency of Rollins was equal to that of defendant, there could be no recovery if he asked for or accepted his assistance without protest or objection. This, we think, is good law. If a servant know that he is working with defective tools or unsafe appliances, or with incompetent fellow-servants and have the same knowledge as the employer, and he make no objection, but continue to work, he is not entitled to recover because of injuries arising out of such defects or incompetency. Wood's Master and Servant, Secs. 419, 422; Bailey's Master and Servant, Sec. 422.

Upon the whole case we do not find evidence of the incompetency of Rollins, and if in fact he was incompetent, it was as well known to the plaintiff as to the defendant company, and he was accepted by plaintiff as his helper without objection. There is evidence strongly tending to show that plaintiff adopted a dangerous plan of taking off the cylinder head; that he placed his foot in danger and was warned to move it by the foreman, and that he

did not do so. We think there is abundant evidence to sustain the verdict. We do not find that there was an emergency existing which required any unusual risk and none is charged in the declaration.

We are therefore of opinion the judgment is correct, and it is affirmed with costs.