PAYNE *v.* RAILROAD.

(*Nashville.* December 15, 1900.)

1. DECLARATION. *For injury of passenger by carrier, sufficient, when.*

A declaration, in an action by a passenger against a common carrier, is sufficient, which avers, in substance, that plaintiff was injured while engaged in making a necessary change of cars, at a station, under the direction of the carrier's servants, by being thrown violently upon the ground by reason of a sudden jerk of the train, caused by the engineer's negligence. (*Post, pp. 168, 169.*)

2. RAILROADS. *Passenger injured in alighting from train not enti tled to recover, when.*

A railroad company is not guilty of any fault or negligence con-tributing to the injury of a passenger, who, without other invitation or excuse than the announcement required by stat-ute of the approach of the train to a station where he must change cars, leaves his seat in the coach and proceeds to alight from the train while in motion, and before it has reached the station, and is thereby injured. (*Post, pp. 169–171.*)

Code construed: § 3070 (S.); § 2360 (M. & V.).

3. CHARGE OF COURT. *Does not erroneously invade province of jury.*

And, in such case, it is a harmless invasion of the province of the jury, if an invasion at all, for the Court to charge that plaintiff is not entitled to recover upon this state of facts. · (*Post, pp. 171, 172.*)

4. SAME. *As to contributory negligence.*

A charge that instructs the jury that, upon an assumed state of facts, if found to exist, the defendant is not guilty of any negligence, is not erroneous as excluding consideration of plaintiff's contributory negligence. There can be no contrib-utory negligence of plaintiff unless defendant has been guilty of some negligence. (*Post, pp. 171, 172.*)

---

Payne *v.* Railroad.

---

5. SAME. *Request properly refused.*

A request for additional instruction is properly refused which presents a proposition that is not applicable to any issue made by the pleadings or to any phase of the evidence. (*Post, pp. 172–174.*)

---

FROM FRANKLIN.

---

Appeal in error from Circuit Court of Franklin County. FLOYD ESTILL, J.

WHITAKER & HORTON for Payne.

W. B. LAMB, LYNCH & LYNCH for Railroad.

CALDWELL, J. W. L. Payne and wife, Sallie Payne, brought this action against the Nashville, Chattanooga & St. Louis Railway Company to recover damages for personal injuries alleged to have been wrongfully and negligently inflicted upon her while alighting from one of its passenger trains at Bridgeport, Alabama. Verdict and judgment being for the defendant, the plaintiffs appealed in error.

The averment on which the recovery was sought is as follows:

"Plaintiff, Sallie Payne, wife of plaintiff, W. L. Payne, was a passenger upon one of defendant's train of cars, having purchased a ticket from Decherd, a station on said defendant's road, to South Pittsburg, another station on said defendant's road, and in order for plaintiff, Sallie Payne, to

reach her destination, it was necessary for her to change cars at Bridgeport, Ala., and while she was undertaking to change cars as aforesaid, and was upon the steps in obedience to the direction or order of defendant's conductor or other agents and operatives, representatives and agents, managing and controlling the movements of said train of cars, wrongfully and negligently caused said train of cars to move with a sudden and violent jerk, throwing plaintiff, Sallie Payne, without fault or negligence on her part, off the steps or platform aforesaid, violently to the ground, and so injuring, bruising, and maiming plaintiff," etc.

The defendant pleaded not guilty, and upon the issue so made the case was tried.

The only controversy of fact was in respect of the manner and cause of the injuries sued for.

The plaintiff introduced testimony tending to show that they resulted from the negligence imputed to the defendant in that part of the declaration just quoted herein; and the trial Judge correctly instructed the jury that such facts, if established by a preponderance of the evidence, would entitle the plaintiffs to a recovery.

The defendant introduced testimony tending to show that its agents, as the train neared Bridgeport, announced the name of the station, and that a change must there be made for South Pittsburg, and that Mrs. Payne thereupon, before the train reached the station, walked from her seat

in the coach to the platform, down the steps, and alighted while the train was still in motion. As applicable to the defendant's theory of non-liability, so disclosed the trial Judge instructed the jury that "if the proof in this case shows that the employees of the defendant company, while approaching the station at Bridgeport, announced, 'Bridgeport, change cars for South Pittsburg,' and thereupon the plaintiff arose from her seat, and went upon the platform, and upon the steps of the platform, and alighted from the coach before reaching the station, and while the train was in motion, she would not be entitled to recover in this case."

This instruction is the subject of the first assignment of error in this Court, the criticism being that the trial Judge thereby "takes the question of plaintiff's contributory negligence from the consideration of the jury and declares a given statement of facts to constitute negligence *per se.*"

It is to be observed in the first place that the criticism misinterprets the instruction and ascribes to it functions that it does not perform.

The instruction does not in fact deal with the subjects of contributory negligence and negligence *per se* at all.

In the next place, the instruction is entirely sound when properly limited to its own suppositional statement of facts. There is no interpretation, of which those facts are susceptible, that

would give the plaintiffs a legal right of action; they disclose no actionable negligence on the part of the defendant. The announcement, as the train approached Bridgepart, of the name of the station and the change there to be made, which is the only function attributed to the defendant in the hypothesis of this instruction, was not a negligent act, but a compliance with the statute (Shannon, § 3070), and hence the discharge of a legal obligation. It follows inevitably, therefore, that this act, which, according to the defendant's theory, was its only connection with Mrs. Payne's injuries, could not have rendered it liable for them, and that the instruction of nonliability on that theory was correct, whether her conduct be characterized as cautious or as negligent in one degree or another. Upon its theory of its part in the matter, as submitted in this instruction, the defendant was manifestly guilty of no negligence whatever, and, as a consequence, it was free from liability whether Mrs. Payne was negligent or not. The first element of liability is wanting. If it were conceded that the instruction impliedly precludes the consideration of the question of contributory negligence, the instruction upon the facts submitted therein would, nevertheless, be correct, for under those facts the defendant was undoubtedly blameless, and the doctrine of contributory negligence is never applicable unless both

parties have been negligent. There can be no contribution of negligence in the legal sense by or to a person not himself negligent.

If the Court's reference in this instruction to the suppositive acts of Mrs. Payne be taken as an implied declaration that she was thereby guilty of negligence *per se,* the erroneous invasion of the province of the jury so made would be entirely harmless, since, without that declaration as with it, the defendant would inevitably have been protected against legal responsibility for her injuries by the utter lack of negligence on its part under the other facts submitted in the same instruction.

The other assignment of error complains of the action of the trial Judge in refusing the request of the plaintiffs, seasonably made, to instruct the jury as follows:

"If the jury find from the evidence that the plaintiff started to leave the train, while the same was in motion, or walked out on the platform or steps while the same was in motion, and that this was done by the express or implied invitation of the agents or employees in charge of the train to get off, this would not be contributory negligence *per se,* such as would defeat plaintiff's right of recovery, but it becomes a question for the jury to determine, under all the circumstances, looking to the facts as to whether

plaintiff was expressly or impliedly invited to alight, the speed of the train, to the physical condition of the plaintiff, and all the facts and circumstances surrounding the plaintiff at the time she left her seat for the purpose of alighting."

The refusal to give this instruction was proper, if for no other reason, because it presents a question not embraced in any issue raised by the pleadings, and also because not applicable to any theory developed by the testimony on behalf of either party.

The plaintiffs neither aver nor attempt to prove that the injuries sued for resulted from an "express or implied invitation" to get off the train while in motion; but, on the contrary, the theory of their declaration, and of their testimony, is that those injuries were caused by "a sudden and violent jerk" of the train after it had stopped, and while Mrs. Payne was on the steps attempting to alight.

The defendant's theory is that Mrs. Payne was injured by jumping from the train while in motion, and without invitation. Though in conflict with each other, these theories are alike inconsistent with that submitted in the instruction refused.

The instruction might have been proper, under the rule announced in the case of *Railroad* v. *Stacker,* 86 Tenn., 343, if the plaintiffs had put

their case, in pleading and proof, upon the ground of an invitation to alight from a moving train, but that rule was not applicable to the case they actually averred and attempted to prove, nor to the defense made by the defendant, consequently the instruction was properly, and not erroneously, refused.

Let the judgment be affirmed.