## AMERICAN TOBACCO CO. et al. v. HUBERT L. ZOLLER, JR., by next friend, ELIZABETH ZOLLER.

Eastern Section.   July 23, 1927.

Petition for Certiorari denied by Supreme Court, January 7, 1928.

1. **Appeal and error.  On appeal the evidence supporting the verdict below will be accepted as true.**
   On appeal all evidence tending to support the verdict will be accepted as true in determining whether there is material evidence to support the verdict.

2. **Negligence.  Guest riding in an automobile held not guilty of contributory negligence.**
   Where the plaintiffs were riding in a car which was running at about ten miles an hour and one of the plaintiff saw the approaching car sooner than the driver, held that it could not be said that the plaintiffs were guilty of contributory negligence in not seeing the car sooner.

3. **Evidence.  Physical facts held insufficient to contradict and refute oral testimony.**
   In an action to recover damages caused by an automobile collision, where it was insisted that the physical facts refuted the testimony of the plaintiffs, held that it is well known that cars sometimes take peculiar and

unexpected courses after accidents and it could not be said that the course taken by the cars after the accident so clearly refuted the evidence of the plaintiff as to render the same nugatory.

4. **Negligence. Pleading. Allegations of common-law negligence may be combined with allegations of statutory negligence.**
In an action to recover a personal judgment for damages sustained in an automobile accident, held that common-law negligence and the violation of statutes and ordinances may be joined in the same count.

5. **Pleading. Misjoinder of causes of action must be reached by attacking the pleading.**
In an action to recover damages sustained in an automobile accident where the defendant did not question the pleading but sought to exclude evidence on the ground that plaintiff had joined common-law negligence with alleged violations of the statutes and ordinances in the same count, held that in view of the fact that the pleading had not been questioned and in view of the fact that the defendant could not have been prejudiced by the pleading, the assignments must be overruled.

6. **Trial. Instructions. Refusal of special request which had been covered in the court charge held proper.**
Where two actions were tried jointly and defendant asked a special instruction requesting the jury to consider the injuries of the plaintiffs separately, held that this question having been covered by the court in his charge, it was not error to refuse the special instruction.

7. **Damages. Two thousand dollars for personal injuries held not excessive.**
Where the plaintiff, a lady, spent three weeks in the hospital, had several teeth pulled and could not open her mouth as far as before the accident, held that two thousand dollars was not an excessive verdict.

8. **Damages. Five hundred dollars held not excessive for injuries to an infant.**
Where an infant was injured in an automobile accident, and it was impossible to ascertain whether the injuries would be permanent or not, held that five hundred dollars was not an excessive verdict.

Appeal in Error from Circuit Court, Knox County; Hon. A. C. Grimm, Judge.

Affirmed.

Smith, Carlock, Poore & Eagle, of Knoxville, for plaintiff in error.

Frank Montgomery, of Knoxville, for defendant in error.

THOMPSON, J. On the evening of January 13, 1926, a collision occurred between an automobile owned and driven by Hubert L. Zoller, Sr., and in which his wife and infant son, Elizabeth Zoller and Hubert L. Zoller, Jr., respectively, were riding, and an automobile owned by the American Tobacco Company and being driven by W. D. Simpson. Each of the three Zollers brought a separate suit against the Tobacco Company and Simpson to recover damages, the suit of the infant of course being by next friend.

The three cases were tried together before a jury in the circuit court. In the case of Mr. Zoller, Sr., verdict and judgment were rendered and entered for the defendants. In Mrs. Zoller's case ver-

dict and judgment were rendered and entered in her favor for $2,000. In the infant's case verdict and judgment were rendered and entered in his favor for $500. The defendants have appealed from said last two judgments and have assigned errors.

The first question made by the assignments of error is that there was no material evidence to support the verdicts and judgments and, therefore, that the defendants' motions for peremptory instructions should have been sustained.

Winona street in the City of Knoxville extends north and south, has a street car track along its center, and intersects at right angles with Woodbine avenue which extends east and west.

Assuming as we must, where the jury has rendered verdicts in favor of the plaintiffs and the trial judge has approved those verdicts, that the facts of the case, including all legitimate inferences, are as testified by plaintiffs' witnesses, the accident happened in the following manner:

Mr. Zoller, Sr., was driving his Studebaker touring car with its curtains up, and Mrs. Zoller and Zoller, Jr., who was only a little over a year old, were riding on the front seat with him. They were going north on their own right hand side of Winona street, and attempted to cross Woodbine avenue at a speed of about ten miles per hour. After they had gotten more than half way across Woodbine avenue, Simpson drove the Tobacco Company's Ford westwardly along Woodbine avenue at a speed of about thirty miles per hour immediately in front of them, the right front end of Zoller's car striking the left front side of the Tobacco Company's Ford. The lights were not burning on the Ford and Simpson neither blew his horn nor slowed down at the street intersection but ran at a speed of thirty miles per hour in front of the Zoller car although it had entered upon the street intersection first. The lights were burning on the Zoller car but Zoller did not blow his horn before attempting to cross Woodbine avenue.

After the collision the Zoller car ran head-on into a telephone pole in the north curb of Woodbine avenue several feet west of Winona street, and the Ford ran into the north curb of Woodbine avenue a few feet east of the telephone pole. Each side claimed that the other car knocked his car into these positions. When the collision occurred the door of Zoller's car on Mrs. Zoller's side opened and she was knocked unconscious and fell out of the car when it struck the telephone pole. Zoller, Jr., was also thrown out of the car when it struck the telephone pole.

It should have been stated that as Zoller approached Woodbine avenue his view eastwardly along Woodbine avenue was obstructed by a bank until he reached a point twenty-five feet south of Woodbine avenue, but from there on he could see up Woodbine avenue for

a distance of 150 feet. But he did not see the Ford until it was within about ten feet of his car. Mrs. Zoller saw it first and screamed. This caused him to look quickly to his right and see it. It should also have been stated that immediately after the accident Simpson in answer to a question as to why he was running so fast said that he thought he was on a through street; whereas, in fact the through street was a block north or south of Woodbine avenue, which does not go through to the down town part of Knoxville to which he was going at the time of the accident. And there is a great deal more traffic on Winona street than there is on Woodbine avenue.

City ordinances were pleaded and proven. They provided in substance that no person should drive in a reckless manner or so as to endanger the life or property of others, or without the car being under complete control, or exceeding a reasonable speed under the circumstances and traffic conditions existing at the time, or in excess of ten miles per hour at street intersections, or without lights at night, etc.

The foregoing is the case as made out by the plaintiffs' evidence, and while it is sharply contradicted by the witnesses for the defendants, we must under the well known rule accept it as true. And we think it constitutes material evidence to support the verdicts and judgments in favor of the plaintiffs who were simply riding in the Zoller car and one of whom was only a little over a year old. It cannot be said that Mrs. Zoller was as a matter of law guilty of contributory negligence in riding in a car on its own side of the street and at a speed of ten miles per hour. She was upon some sort of a lookout because she saw the other car before Mr. Zoller did and screamed. It may have been that she should have seen it sooner but this was certainly a question for the jury under the circumstances— particularly as she had her one-year-old child with her.

The principal contention of the defendants is that the physical facts—particularly the courses taken by the two cars after the accident, and the force with which the Zoller car struck the telephone pole—contradict and refute the plaintiffs' evidence to such an extent that it constitutes no material evidence to support the verdicts. It is true that the courses taken by the two cars after the collision would seem to corroborate the defendants' version rather than the plaintiffs, but this was a matter for the jury. It is well known that cars sometimes take peculiar and unexpected courses after accidents, and we cannot say that the courses taken by these two cars so clearly refutes the evidence of the plaintiffs as to render the same nugatory. And certainly there is nothing in it which shows conclusively that the driver of defendant's car was not guilty of proximate negligence. We have examined the record carefully and in our opinion there is nothing in the physical facts proven which destroys the plaintiffs'

case or which would justify us in ordering a reversal. The assignments raising the question .that there was no material evidence to support the verdicts and that the defendants' motions for peremptory instructions should have been sustained, will therefore be overruled.

The next assignment is:

"Because the trial court erred in admitting over the objection of counsel for defendants the testimony offered by plaintiffs tending to show a violation of the city ordinances and State statutes as to the rate of speed and certain precautions to be taken by drivers of automobiles at street intersections and along the streets of the City of Knoxville, and prescribing certain precautions necessary to be taken by such drivers, and making the non-observance of such precautions negligence per se, and in admitting as evidence to the jury copies of said ordinance.''

The point made in support of this assignment is that the declarations were in only one count which contained allegations of common-law negligence and also allegations of the statute and ordinances and their violations. The defendants insist that the plaintiffs were not entitled to combine in one count allegations of the violation of State statute and city ordinances along with allegations of common-law negligence and, therefore, that the count was only good as a common-law count and that proof of the statute and ordinances and their violations was not competent.

The State statute was not read to the jury nor did the trial court refer to it in his charge. He did, however, tell the jury that if the defendants were running more than thirty miles per hour they were guilty of negligence and that if this negligence was the proximate cause of the accident the defendants would be liable. So we assume that he had the statute in mind, and the effect was substantially the same as though he had mentioned the statute. The ordinances, of course, were read to the jury and they were told that their violation was negligence and that if such negligence was the proximate cause of the accident there was liability, etc.

The defendants neither demurred to the declarations nor filed any motions or other pleading raising the question, but after the trial had begun and after some of the testimony was in, simply objected to any testimony tending to show a violation of the statute or ordinances. When this objection was made the court stated to counsel for defendants that if they had filed demurrers to the declarations he would have sustained said demurrers, but that the objection came too late after the trial had begun, etc. He then overruled the objection and the defendants excepted.

In the first place we are cited to no decision of the Supreme Court holding that in automobile cases where no lien is claimed and sim-

ply a personal judgment is sought, allegations of common-law negligence may not be combined with allegations of statutes and ordinances and their violations. The substance of the declarations in the cases at bar was that defendants were guilty of certain acts of negligence which were the proximate cause of their injuries, some of said acts being negligent under the common law and some of them being negligent because prohibited by statute or ordinances. Neither the statute nor ordinances changed the rules with reference to the burden of proof, the rules with reference to contributory negligence barring recovery or mitigating damages, the requirement that the negligence sued upon be the proximate cause of the accident, nor any other common-law rule, and the cases dealing with the railroad safety precautions statute are not necessarily controlling of the question raised in the cases at bar, because the reasons upon which said railroad statute cases were decided do not exist in the cases at bar. The statute and ordinances relied upon in the cases at bar do not make liability absolute, do not shift the burden of proof and do not change the rule that proximate ˙contributory negligence bars a recovery.

It may be true that good pleading would require that allegations of common-law negligence be put in one count, allegations of State statutes ·and violations thereof be put in another count, and allegations of ordinances and violations thereof be put in still another count. It may be true that a case might arise where this has not been done, and even where no question has been raised on it by demurrer, motion or other pleading, or until after the trial had begun and evidence put in and then only by objection to evidence as in the cases at bar, and where a reversal might be ordered because the defendant had been prejudiced. But in the cases at bar we do not see where the defendants could have been prejudiced. They had been notified by the declarations that the statute and ordinances would be relied upon, and the charge of the trial court to the jury was clear and explicit and dealt separately with the alleged common-law negligence and negligence in the alleged violations of the statute and ordinances. In view of the fact that the defendants filed no pleading questioning the declarations, etc., and in view of the fact that we do not see how they could have been prejudiced, the assignment will be overruled. The assignment which raises the question that the court erred in submitting the cases to the jury upon the question of the violation of the ordinances, etc., will also be overruled for the same reasons.

Error is also assigned upon the refusal of the court to charge the defendant's special request as follows:

"When you gentlemen come to consider these cases you should take them up one at a time and consider them as though it was the only case; it will be proper to consider, however, in connection with

each particular case, all the evidence that has been submitted for your consideration.''

The trial judge had in his charge already explained to the jury that although the cases were being tried together they were separate suits and that separate verdicts would have to be rendered in each case. All the way through his charge he dealt with the cases separately and as separate cases and explained the rules of law with reference to each case separately. The jury rendered a separate verdict in each case, and the record shows that the jury dealt with the cases separately and understood the rules of law applicable to each case because they rendered a verdict against Zoller, Sr., thus showing that they thought that he was guilty of proximate contributory negligence and that they understood that his negligence was not imputable to Mrs. Zoller or the child neither of whom they thought was negligent. We are confident that the defendant was not prejudiced by the refusal to give this request to the jury, and the assignment will be overruled.

The next assignment is that the verdicts were excessive, etc. Mrs. Zoller's jaw was broken. Her lower jaw bones had to be wired together, and her lower jaw had to be wired to her upper jaw. She was in this condition for eight or nine weeks and had to be fed through a straw. She was in the hospital about three weeks. Two of her teeth had to be pulled and the others were still out of alignment at the time of the trial, and she could not open her mouth as wide as before the accident. The child's skull was fractured and it was badly bruised about the face. It is problematical whether trouble will develop later from the fractured skull. In view of these injuries we do not think the verdicts were excessive, and the assignment will be overruled.

The remaining assignment is based upon the fact that before court convened on the morning of the second day of the trial one of the attorneys for the plaintiffs stated in the presence of one of the jurors and another man that a man who had served with the juror in the trial of the preceding case and who had hung said jury in several others upon which he had served, ''is out of the way so he won't bother you on the next case you are trying.''

The trial judge heard evidence on the ground of the motion for a new trial based upon this conduct of counsel for plaintiff and after doing so said that he found ''nothing improper or even suspicious'' about the conversation; and after reading the evidence which was incorporated in the bill of exceptions we agree fully with the trial judge.

It results that in our opinion there was no error in the judgments of the trial court and the same will be affirmed with costs.

Portrum and Snodgrass, JJ., concur.