BLUE BIRD COACHES, INC., et al. v. CARRIE V. McGREGOR et al.

Western Section.    May 8, 1931.

Petition for Certiorari denied by Supreme Court, January 23, 1932.

24

Chandler, Shepherd & Owen, of Memphis, for plaintiffs in error. Luther Graves and A. L. Heiskell, of Memphis, for defendants in error.

PEARSON, Sp. J.   Defendants in error, Carrie V. McGregor, and five others instituted suit in Circuit Court of Shelby County, Tennessee, against plaintiffs in error, Blue Bird Coaches, Inc., W. H. Starnes and Oscar McCormick seeking to collect damages for personal injuries sustained by them in an automobile accident in which one of the busses or coaches owned by defendant Starnes and operated by Oscar McCormick was involved.   The accident happened in August, 1927.   All of plaintiffs were passengers on the bus.   By consent the cases were consolidated and tried together.

The plaintiffs recovered verdicts against all of the defendants in amounts ranging from $1 for Carrie McGregor to $3500 for Mrs. Mary Jane Elkins.   All of the defendants moved for new trials and the trial court granted the motion of defendant Blue Bird Coaches in all of the cases except the one brought by Mrs. Frances Montcrief, but in her case permitted a verdict of $2500 in her favor to stand and overruled the motion for a new trial.   The motion of defendants Starnes and McCormick was overruled as to all of the plaintiffs.

The bus company has appealed from the action of the Court in overruling its motion for a new trial in the Montcrief case and the other defendants have appealed from the action of the Court in overruling their motions as to all of the defendants.

We shall discuss first the assignments of error filed by the defendant bus company in the Montcrief case.

Its first assignment is based upon lack of evidence to sustain the verdict. This assignment is overruled as there is ample evidence in the record upon which to base a verdict. It is next insisted that the judgment of $2500 indicates passion, prejudice and caprice on the part of the jury. Inasmuch as we feel it necessary to reverse the case on other grounds it is not necessary for us to pass on this assignment. The bus company by its third assignment complains of the refusal of the trial judge to permit it to prove the result of other litigation growing out of this same accident. In this we think the trial judge was correct. Such proof would have been highly improper and prejudical to the rights of plaintiffs in these cases.

The fourth assignment alleges error on the part of the trial judge to charge a special request to the effect that the Coach Company was entitled to the presumption that it had discharged all duties imposed upon it and that the burden of showing any alleged violation of such duties, as a common carrier, was upon the plaintiff.

We think the general charge of the Court, in so far as this request was concerned, correctly and fully set out the rights and duties of the parties under the circumstances surrounding the accident and that no error was committed in refusing this request.

The fifth assignment is based upon the action of the trial Court in excluding certain depositions which had been taken on interrogatories. The depositions show that the testimony of the two witnesses was almost entirely corroborative of that of other witnesses and cumulative and that the same facts testified to by them were proven by several other witnesses. If they were erroneously excluded we think such error harmless and had these depositions not been excluded they would have had little, if any, bearing upon the final result. The assignment is therefore overruled.

The sixth assignment of error is overruled. The newly discovered evidence relied upon has no probative value and could only go to the credit of the testimony of the plaintiffs mentioned in the affidavits made a part of the motion for a new trial. A year and a half elapsed between the date of the accident and the trial of these cases and we think this was ample time within which to obtain all the evidence that defendants desired to introduce.

Defendants Starnes and McCormick, by their assignments of error numbers one and two allege lack of evidence upon which to base a verdict. Each of these assignments is overruled. Their fourth assignment is based upon failure of the Court to instruct the jury that operating an automobile in excess of twenty miles an hour was not necessarily negligent. The charge of the Court was sufficiently broad to embrace this and clearly stated the rights and duties of the parties.

The fifth assignment alleges passion and prejudice on part of the jury. Inasmuch as the case must be reversed on other grounds we do not pass on this assignment.

By their sixth assignment defendants challenge the action of the Court in allowing their co-defendant a new trial without also awarding them a new trial, contending that where a judgment is rendered against joint tortfeasors one cannot be relieved of liability by the court without relieving both.

Under the common law a verdict could not be set aside as to one of several joint tortfeasors and permitted to stand as to the others but this rule has been modified by statutes and decisions and by the great weight of authority the common law rule no longer obtains. This is particularly true in Tennessee. Smith v. Foster, 43 Tenn., 139; Nashville Street Railway Co. v. Gore, 106 Tenn., 390, 61 S. W., 777, and Brown Lumber Company v. Sessler, 128 Tenn., 665, 163 S. W., 812. In the last case our Supreme Court expressly declared the rule in this State to be that a reversal as to one defendant does not require a reversal as to the others. This assignment is therefore overruled.

The defendant Coach Company's seventh assignment of error and defendants Starnes and McCormick's third assignment are as follows:

"The Court erred in charging the jury as follows:

"The law of the road is that a vehicle on a public highway should not exceed the speed of thirty miles per hour and if a driver violates that state statute by going in excess of thirty miles per hour, then the violation of that statute in running his car at a greater rate of speed than thirty miles per hour is and of itself an act of negligence, it is negligence per se."

It is contended that this charge is erroneous because the pleadings did not allege a violation of the statute governing the speed of automobiles.

The declarations in each of the six cases are substantially the same and read, in part, as follows:

". . . avers that at the time of said accident that the bus in which she was riding was being driven in excess of 20 miles per hour and at a highly excessive and dangerous rate of speed; that defendant Blue Bird Coaches was guilty of gross negligence in operating this bus in which she was riding at a highly excessive and dangerous rate of speed. . . . that defendants Starnes and McCormick were guilty of gross and wanton negligence in operating said truck at said time and place at an excessive and dangerous rate of speed."

In the Montcrief case the declaration alleged that the bus was being operated "at a dangerous, reckless and excessive rate of speed considering the nature of the traffic upon the highway at the time and place of accident . . . the truck was being operated at a

dangerous rate of speed, to-wit: in excess of twenty miles per hour considering all of the facts and circumstances surrounding the accident and the nature of traffic upon the highway," etc.

No motion was filed to strike any portion of the declaration or demurrer filed on account of duplicity.

Under the Acts of 1905, incorporated in Shannon's Code, sec. 3079a195, the maximum speed of automobiles on highways was fixed at twenty miles per hour. By Chapter 28, Acts 1923, the speed limit was fixed at 30 miles per hour. This accident happened in 1927 and the speed limit as fixed by Chapter 28, Acts 1923, and Chapter 132, Acts 1925, was in force and effect at that time.

We think the several declarations filed in these cases allege a common law cause of action and not one based upon a violation of any statute. The language used negatives the idea of a statutory violation in that the rate of speed alleged to have been exceeded is less than the statutory maximum speed and in that the rate of speed is alleged to have been excessive "at the time and place of the accident" and "considering the nature of the traffic" and "the facts and circumstances surrounding the accident." If the statute had been relied upon a speed exceeding 30 miles per hour would have constituted negligence per se under any circumstances regardless of traffic, time or place. To gauge the negligence by surrounding facts and circumstances and to fix the alleged speed at a rate less than a statutory maximum certainly indicates an intention to charge common law negligence. It is insisted by defendants in error under the authority of Moore v. McFerrin, 145 Tenn., 97, 236 S. W., 924, that if by "fair intendment" the declaration alleges a violation of the statute and thus put defendants on notice it would be sufficient. With this we agree but the declarations here do not, in the opinion of this Court, by fair intendment allege negligence based upon violation of a statute. The Court held in the McFerrin case that to rely upon violation of a statute the pleader must state all of the facts necessary to show a violation of statute and thus put defendant on notice that the statute was relied upon. It is true that negligence based upon violation of a statute and common law negligence as stated in American Tobacco Company v. Zoller, 6 Tenn. App., 394, may be contained in one count and if not demurred to the court may properly charge the jury as to the law applicable to both theories. In that case, however, a statute and city ordinance were expressly relied upon as well as common law negligence and we held that the trial judge was not in error in submitting a charge on statutory and common law negligence.

If these actions are based upon common law negligence was it error for the trial judge to charge that a violation of the statute was negligence per se? We think so and that such charge was mis-

leading to the jury and prejudicial to the rights of plaintiffs in error.

It is true that the proof in the cases show that the bus and truck operated by the respective defendants were travelling at a rate of speed exceeding thirty miles per hour, but this proof was competent under an allegation of common law negligence and was not at variance with the facts as alleged in the declarations. In fact it was consistent with the charges made in the declaration.

A plaintiff must recover, if at all, upon the allegations of negligence contained in his declaration. Instructions of the Court must limit the jury to consideration of the matters contained in the declaration. The Court has no right to instruct the jury in regard to any matter not presented by the pleadings. Payne v. R. R. Co., 106 Tenn., 167, 61 S. W., 86, and Fletcher v. R. R. Co., 102 Tenn., 1, 49 S. W., 739. The correct rule is found in Randall on Instructions to Juries, Vol. 1, p. 234:

"Instructions submitting to the jury matters outside of the issues made by the pleadings are not only properly refused but constitute positive error which ordinarily will work a reversal as being calculated to mislead the jury."

We think the trial Judge was in error in instructing the jury that defendants were guilty of negligence per se in operating their vehicles in excess of thirty miles an hour when the declarations did not allege a violation of the statute and such negligence was not relied upon.

It results, therefore, that all of the cases are reversed and remanded.

Owen and Senter, JJ., concur.