GENTRY *v.* BETTY LOU BAKERIES (two cases).

(*Nashville,* December Term, 1936.)

Opinion filed January 16, 1937.

C. H. Rutherford and F. E. Bowers, both of Nashville, for plaintiff in error.

Trabue, Hume & Armistead, of Nashville, for defendants in error.

Mr. Justice Chambliss delivered the opinion of the Court.

These are actions for damages based on the alleged negligence of the Bakeries in the manufacturing and handling of bread, resulting in injury to Mrs. Gentry, who claimed to have swallowed bits of glass concealed in

slices of bread purchased for her use from the Bakeries. The jury found for defendant. The Court of Appeals reversed for error in the charge. This court granted *certiorari* and has heard argument.

The trial judge charged that "the defendant is held to a reasonable degree of care and caution as a manufacturer of food to see that nothing gets into such food which will injure some one consuming same." The Court of Appeals held, in accordance with the rule in this state (*Crigger* v. *Coca-Cola Bottling Co.,* 132 Tenn., 545, 179 S. W., 155, 157, L. R. A., 1916B, 877, Ann. Cas., 1917B, 572), that one who prepares and puts on the market for sale food in sealed packages "owes a high duty to the public, in the care and preparation of such commodities."

Conceding the rule to be as stated, and that the charge was in the respect indicated deficient in its definition of the degree of care resting on the defendant, we are constrained to the conclusion that the judgment does not call for reversal.

In the first place, as tending to support the rule hereinafter given application, we find that the record so clearly sustains the result reached by the jury and trial judge on the facts of the case, that we are not of opinion that the verdict was affected by the failure of the judge to charge that a high degree of care was required of the defendant. Also, while the general rule is that when the charge as given is affirmatively erroneous it constitutes reversible error, prejudice being presumed, and no exception or correcting request is essential, it is further held that when the charge is good as far as it goes, but is merely "meager," that is, incomplete, inadequate, insufficient, in expression, on a given point, no reversal will be decreed, unless the party injuriously

affected requests further instructions. *Citizens' St. Railway Co.* v. *Burke,* 98 Tenn., 650, 654, 40 S. W., 1085. The charge here was correct as far as it went. It was the duty of the defendant to use "reasonable care and caution" as instructed. The complaint is that it did not go further. It may be plausibly argued that this is a case in which, while the plaintiff was entitled to an additional, and further and stronger statement of the rule, it was plaintiff's duty to make request therefor, and not to rest thereon until after the jury had returned its verdict.

But however all this may be, we think that it clearly appears that this complained of error was invited or induced by the plaintiff. Nothing is better settled than that a "plaintiff in error will not be permitted to take advantage of errors which he himself committed, or invited, or induced the trial Court to commit, or which were the natural consequence of his own neglect or misconduct." 4 C. J., p. 700, citing many cases. 3 Am. Jur., p. 414, 427, et seq., is to the same effect. This rule of invited error is applied with regard to instructions to the jury. 3 Am. Jur., p. 432, et seq. And, with direct reference to the case before us, in 4 C. J., p. 710, under the subhead "Instructions in accord with theory advanced by complaining party," it is said that "where an instruction is in accord with the theory advanced by the complaining party, in the trial of the cause, he is estopped to complain that it is erroneous." Many cases are cited in the note supporting this text.

It appears that the declaration in the instant case wholly fails to charge, or suggest, that the defendant was held to a high degree of care, but on the contrary charged a violation only of the rule of ordinary care; the language being, "all of which was known to defendant, or

could have been known by it with the exercise of proper care." Now when the judge submitted to the jury the case for the plaintiff, as stated in the declaration, it was natural for him to follow in substance the charge or insistence of the plaintiff as set forth in the declaration —to adopt the theory and contention therein advanced and contained. With the declaration before him stating the contention of the plaintiff to be that the defendand had failed in the "exercise of proper care," it was but natural for the trial judge to use language of like import in his instructions. For "proper care" used in the declaration he substituted "reasonable care and caution." Certainly, if more was desired, it was the duty of plaintiff then and there to so request. The doctrine of invited error is applied in this state. In *Mississippi & T. Railroad Co.* v. *Ayres*, 16 Lea, 725, it was held that a defendant cannot be heard in complaint against the action of the Court brought about by him. A party cannot assign as error submission of an issue at his request. *Continental National Bank* v. *First National Bank*, 108 Tenn., 374, 68 S. W., 497. Among other of our cases giving application to the rule of invited error are *Southern Construction Co.* v. *Halliburton*, 149 Tenn., 319, 258 S. W., 409; *Cartwright* v. *Smith*, 104 Tenn., 689, 58 S. W., 331; *Hughes* v. *Whitaker*, 51 Tenn. (4 Heisk.), 399, 402.

▆▆ Also, the general rule is that a plaintiff is limited to the allegation of negligence contained in his declaration and can recover only on the negligence pleaded. *Payne* v. *Railroad Co.*, 106 Tenn., 167, 61 S. W., 86; *Fletcher* v. *R. Co.*, 102 Tenn., 1, 49 S. W., 739; Randall on Instructions to Juries, Vol. 1, p. 234; *Blue Bird Coaches, Inc.*, v. *McGregor*, 14 Tenn. App., 23, 28. Conceding as suggested by the Court of Appeals, that it was

not necessary for the plaintiff to set forth in his declaration his contention as to the degree of care exacted by the law upon the facts alleged, since he elected to do so, the trial judge may not be put in error for having followed in his instructions to the jury the theory of the applicable law advanced by the plaintiff, unless, before the jury retires to consider the case, request is made for further or different instructions.

Reversed and dismissed.