EROSION CONTROL CORP. et al., Plaintiffs in Error,
v. EDWIN C. EVANS, Defendant in Error.
—426 S.W.(2d) 202.

Eastern Section. June 12, 1967.

Rehearing Denied June 30, 1967.

Certiorari Denied by Supreme Court February 5, 1968.

92

Noone, Moseley & Bell, Chattanooga, for plaintiffs in error.

Harber & Bryan, Chattanooga, for defendant in error.

McAMIS, P. J.  Plaintiff Edwin C. Evans sustained personal injuries and property damage as a result of a collision at the intersection of Lindberg Street and Ross-

ville Boulevard in Chattanooga. He brought this action against Erosion Control Corporation and Ronald Gutridge, the driver of its truck. From a judgment for $55,000.00, based upon a jury verdict, defendants have appealed.

For the purposes of this opinion Rossville Boulevard may be considered as running north and south. It consists of 6 lanes, 3 for north bound traffic and 3 for south bound. A singing strip 3 feet in width divides north and south bound traffic. Lindberg enters from the east. A stop sign requires traffic on Lindberg to stop before entering the Boulevard.

Just prior to the collision plaintiff Evans approached from the east on Lindberg and came to a stop, then proceeded to cross, intending to turn south on the Boulevard. He had crossed the first two north bound lanes and was in the third with the front of his Volkswagen pick-up truck on the singing strip when he was struck from the left by a three-ton flat bed truck owned by defendant Erosion Control Corporation and operated by defendant Gutridge, moving north on the inside north bound lane. It is conceded that Gutridge was acting within the course and scope of his employment. As a result of the collision plaintiff sustained severe personal injuries and his truck was demolished.

The first count of the declaration charges that Gutridge did not have the truck under reasonable control and was not keeping a proper lookout; that he was driving at a high and reckless rate of speed and, after he saw or should have seen plaintiff in a "hazardous situation," failed to reduce his speed, apply the brakes or change his direction of travel and "failed to avail himself of the last clear chance to avoid the collision."

The first count further charges that Erosion Control was negligent in placing its large truck with Gutridge to drive without proper supervision, although it knew he was only 17 years of age, was without previous experience in driving heavy equipment and, for that reason, was "totally unqualified to drive such a vehicle." There is no charge in the declaration that Gutridge was a chauffeur within the meaning of T.C.A. 59-701 et seq., or that defendants were acting illegally and were guilty of negligence per se because Gutridge was not licensed as a chauffeur.

The second count charges a violation of certain ordinances of the City of Chattanooga.

Having been required, on plaintiff's motion, to plead its defenses specially, defendant's special pleas assert that plaintiff suddenly pulled out from Lindberg Street in front of the truck, failed to yield the right of way, failed to maintain a proper lookout, heedlessly entered the intersection without first determining that he could safely do so and failed to apply his brakes or take other measures to avoid the collision. The pleas do not raise the defense of sudden emergency.

It is first insisted under the assignments that the Court erred in allowing a Highway Patrolman to testify as to the requirements of T.C.A. 59-706(a), providing that no person under 21 years of age shall drive any motor vehicle "while in use as a public or common carrier of persons or property." It is also insisted the Court erred in charging that if the jury should find that Gutridge was required to have a chauffeur's license and did not have such license, driving without it would constitute negligence per se. Error is also predicated on the Court's refusal to charge defendant's special request that Gutridge was not re-

quired to have a chauffeur's license because defendants were not operating as common carriers and that the jury should disregard all proof relating to a chauffeur's license.

The undisputed proof shows that Erosion Control Corporation employed Gutridge to drive its truck in hauling sod from the field to the point where it was being put down. There is no proof of any activity which could be considered the transportation of persons or property as a common carrier.

We are of opinion it was error to allow the witness to testify as to the requirement for a chauffeur's license. If this question was proper to be considered, it was the function and duty of the Court to instruct the jury as to the statutory requirements, leaving them to determine only whether under the evidence defendants came within the requirements of the law.

We are of opinion, however, this error was not prejudicial, since from the undisputed evidence Gutridge was employed as a chauffeur under T.C.A. 59-702(g) defining chauffeur as: "Every person who is employed for the principal purpose of operating a motor vehicle * * *." As stated, Gutridge was so employed and it is immaterial whether his employer was a common carrier. In either case, he was required to have a chauffeur's license and it is not material on which ground.

The special request to charge was properly refused since it was inaccurate in referring to defendant's activity as that of a common carrier.

We quote that portion of the Court's charge dealing with a chauffeur's license:

"Now Gentlemen, in this case the Court has admitted into evidence as to the age a person is required to be before he may be issued a chauffeur's license. The Court charges you if you find from the evidence or the preponderance of the evidence in the case the defendant Ronald Gutridge, in this case, was required to have a chauffeur's license and did not possess that type of license, the Court further charges you, Gentlemen, you would have to find that the failure of the defendant Gutridge to possess such license was negligence on the part of the defendant Gutridge and that negligence was the proximate cause of the plaintiff's injuries and damages."

We think this was error. As above pointed out the failure of Gutridge to have a chauffeur's license was not charged as negligence in a separate count or otherwise mentioned in the declaration. This was one of the grounds of defendants' objection when plaintiff's counsel offered the testimony of the Highway Patrolman as to the statutory requirements relating to a chauffeur's license. The Court at that time seems to have entertained the opinion the failure of Gutridge to have such a license was immaterial but, as indicated, finally allowed the evidence to go to the jury and charged the jury on that question.

A statutory count in a declaration need not charge the exact language of the statute or even refer specifically to the statute. It is sufficient if, by a fair and reasonable interpretation, the declaration as a whole charges conduct which is illegal under a statute controlling the acts alleged. Moore & McFerren v. Fletcher, 145 Tenn. 97, 236 S.W. 924; Seals v. Sharp, 31 Tenn. App. 75, 212 S.W.2d 620.

It is error, however, to instruct the jury on statutory negligence where the declaration is based solely on common law negligence. Payne v. Nashville, C. & St. L. R. R. Co., 106 Tenn. 167, 61 S.W. 86; Blue Bird Coaches, Inc. v. McGregor et al., 14 Tenn.App. 23.

The declaration in this case does not charge that defendant Erosion Control was a common carrier of property or that Gutridge was employed principally to operate its truck; that he was unlicensed as a chauffeur or that he was operating the truck in any respect contrary to law so that his acts constituted negligence per se. It can not be said with reason that the declarant intended to charge a violation of the statute. Indeed, as we understand the record, the Highway Patrolman's testimony was offered in support of the charge that Gutridge was incompetent to drive a truck because he was only 17 years of age. This is quite a different thing from relying upon the requirements of the statute as a separate and distinct ground of recovery and negligence per se.

We are further of opinion the charge was prejudicial. The record shows the jury returned to the court room for further instructions on the effect of Gutridge being unlicensed as a chauffeur. The Court then re-read the charge above quoted and, after deliberating only a short time, the jury returned with its verdict. In this connection we call attention to the statement in the charge that if the jury found Gutridge should have had a chauffeur's license and did not the jury would have to find negligence per se and "that negligence was the proximate cause of plaintiff's injuries and damages."

In view of the long experience of the trial judge and the careful consideration he gave the entire case, we are

confident this was an inadvertence. Nevertheless, it was twice read to the jury and was affirmatively erroneous in taking from the jury the question of proximate cause. If the jury accepted this charge literally it was equivalent to a directed verdict for plaintiffs.

It results that the case must be remanded for a new trial.

For the guidance of the Court on the remand we hold plaintiff is entitled to show in support of the charge that Gutridge was an incompetent driver, that he was only 17 years of age and was employed principally to drive a truck for defendant Erosion Control and that he had no chauffeur's license.

The statute, T.C.A. 59-701 et seq., was manifestly designed to protect the public from drivers deemed unqualified to drive as a regular vocation. To this end T.C.A. 59-707 requires an examination of applicants for a chauffeur's license to determine the applicant's fitness. T.C.A. 59-705 expressly forbids the issuance of a chauffeur's license to any person under 18 years of age. The Act further prohibits the operation of vehicles by chauffeurs without a license and makes such operation a misdemeanor.

In view of the positive terms of the statute and its manifest purposes we think it must be said that it is the policy of the law to consider incompetent to act as a chauffeur all persons under 18 years of age and the fact that a person is under 18 years of age is some evidence that he is incompetent to operate a motor vehicle as a chauffeur, to be considered by the triers of the facts, along with any other evidence offered to show his competence or lack of competence. Evidence that a person under 18 years

of age is driving as a chauffeur in the transportation of persons or property creates a rebuttable presumption of incompetence. (Since there is no charge in the declaration of a violation of the statute we are not called upon to decide whether a person under 18 years of age driving as a chauffeur is negligence per se.)

■ There are cases holding that failure to have a car licensed as required by statute is not to be considered in tort actions involving an unlicensed automobile. Black v. Moree, 135 Tenn. 73, 185 S.W. 682, L.R.A.1916E, 1216; Biggert v. Memphis Power & Light Co., 168 Tenn 638, 80 S.W.2d 90 and cases cited. Registration statutes, however, were enacted to raise revenue and to provide a means of identifying the owner and the car if negligently operated to the damage of other persons—not to eliminate the driving of motor vehicles on our highways by incompetent drivers, usually driving heaving equipment, as a regular vocation.

Defendants also assign as error the court's charge on the doctrine of the last clear chance. The declaration specifically charged defendants with failure to avail themselves of the last clear chance to avoid the collision.

It is said the charge is erroneous in charging the doctrine would be applicable if the driver of the truck by the exercise of ordinary care should have discovered plaintiff's peril. The argument is that the doctrine applies only if plaintiff's peril actually became known to the driver of the truck. To attempt a discussion of the numerous cases cited in the briefs on this question would unduly lengthen this opinion.

■ At least in automobile accident cases like the present, drivers being under the duty to maintain a

continuing lookout for others using the highway, the doctrine is applicable:

"The driver of an automobile is under a duty to keep a reasonably careful lookout commensurate with the dangerous character of the vehicle and the nature of the locality, and 'even though the plaintiff was negligent, yet, if the defendant after discovering her peril, by the exercise of ordinary care should have discovered it, could have avoided the consequence of such negligence by the exercise of ordinary care and failed to do so, the defendant is liable.' Harbor v. Wallace, 31 Tenn.App. 1, 211 S.W.2d 172, 175. See also Evansville Container Corp. v. McDonald, 6 Cir., 132 F.2d 80; Vol. 20 Tenn.Law Review, p. 288." Hale v. Rayburn, 37 Tenn.App. 413, 264 S.W.2d 230.

Both upon the ground that defendants failed to mention the doctrine of sudden emergency in the special pleas, Creekmore v Woodard, 192 Tenn. 280, 241 S.W.2d 397, and because they failed to request a special charge on this subject, Cole et al. v. State, 187 Tenn. 459, 215 S.W.2d 824, the assignment directed to the failure to charge the doctrine of sudden emergency is without merit.

Reversed and remanded for a new trial. Costs of appeal will be taxed to defendant in error.

Cooper and Parrott, JJ., concur.

## ON PETITION TO REHEAR

McAMIS, P. J. Plaintiff Evans has filed a petition to rehear supported by an exhaustive and well considered brief.

The petition seems to assume we reversed because of the Court's inadvertent use of the language, "that

negligence was the proximate cause of the plaintiff's injuries and damages" if the jury should find the driver of the truck did not have a chauffeur's license and was required to have such license. We mentioned this only in connection with our holding erroneous the charge dealing with the necessity of the driver being licensed as a chauffeur, a ground of liability which the declaration failed to charge, and pointed out that this was the specific ground on which defendant had objected when the testimony of the highway patrolman was offered.

It should be noted, however, that this was not a patent inadvertence involving the misuse of a word or two but was affirmatively erroneous as a matter of law. We considered it an inadvertence only because of the long experience of the trial judge and the careful consideration he manifestly gave to the case throughout the trial. We do not understand the rule to be that counsel are obligated to interrupt the charge to call attention to a charge which is affirmatively erroneous on a question of law. McClard v. Reid, 190 Tenn. 337, 343, 229 S.W.2d 505.

It is not difficult to imagine the devastating effect of telling a jury of laymen that failure to have a chauffeur's license was negligence, in the light of the undisputed evidence that the driver was employed for "the principal purpose of operating a motor vehicle."

Counsel are mistaken in asserting the charge in question was not set out in the motion for a new trial. The amended motion quoted a full paragraph from the charge, including the language above quoted.

The supporting brief cites cases holding that the charge as a whole must be considered and that, when so considered, the charge in this case fully charged that before de-

fendant's negligence would entitle plaintiff to a recovery it must appear such negligence was the proximate cause of the collision. This is a well established principle. But, to repeat, we reversed because the court admitted evidence and charged on a question not within the purview of the declaration and told the jury that such conduct would be negligence. Also cited are a number of cases establishing the rule that where there is more than one count on which the jury could have found liability only one of which finds support in the evidence, the case must be affirmed on the assumption the jury based its verdict on that count which was supported by the evidence. See City Transp. Corp. v. Seckler, 32 Tenn.App. 661, 225 S.W.2d 288 and cases cited. In this case, however, as shown, the Court submitted an issue not propounded by the declaration.

Whether an error is harmless or prejudicial depends on the facts and circumstances of the case under review. Espitia v. State, 199 Tenn. 696, 288 S.W.2d 731. This case presented a close issue as to whether the collision was caused by the sudden movement of the plaintiff's pick-up into the path of the truck when it was only 60 feet away and it was too late for the truck to stop or turn as testified by the disinterested witness Clark, and the similar testimony of the witness Lybrand, also disinterested, or whether the truck was much further away when plaintiff moved into the intersection as he testified.

We remain of opinion the case must be reversed and remanded for a new trial. Accordingly, the petition to rehear is overruled.

Cooper and Parrott, JJ., concur.